IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ELIDA BRIONES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| **MEMORIAL HERMANN** | § | |
| **HEALTH SYSTEM d/b/a** | § | |
| **& f/k/a MEMORIAL HERMANN** | § | |
| **HOSPITAL SYSTEM,** | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Elida Briones ("Briones" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Memorial Hermann Health System d/b/a & f/k/a Memorial Hermann Hospital System ("MHHS" or "Defendant"), and for cause of action, would show as follows:

## I. INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for racial and national origin discrimination and retaliation suffered by Briones in the course of her employment with Defendant. Briones complains that she was discriminated against regarding the terms and conditions of her employment on the basis of her race and national origin, Hispanic, and because of retaliation for engaging in protected activity. Briones demands a jury on all issues triable to a jury.

## II.   PARTIES

2. Plaintiff is a citizen of the United States and is currently a resident of Williamson County, Texas.

3. Defendant is a domestic non-profit corporation headquartered and doing business in Houston, Texas. Defendant may be served with process through its registered agent, Renee Reimer, at 929 Gessner Road, Suite 2690, Houston, Texas 77024, or wherever the registered agent may be found.

## III.   JURISDICTION AND VENUE

4. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, *et seq.*; 28 U.S.C. § 1331.

5. The unlawful employment practices were being committed within the jurisdiction of the United States District Court for the Southern District of Texas–Houston Division, as a substantial part of the acts and conduct charged herein occurred in this district.

6. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## IV.   PROCEDURAL REQUISITES

7. Briones filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 460-2009-00311 with the Equal Employment Opportunity Commission ("EEOC") on or about November 4, 2010. In her Charge, Briones claimed that Defendant discriminated against her and terminated her because of her race and national origin, Hispanic, and in retaliation for engaging in protected activity.

8. Briones amended her Charge on or about February 16, 2011 with the EEOC claiming continued retaliation for engaging in protected activity.

9. On January 11, 2014, Briones received a Notice of Right to Sue letter from the EEOC regarding Charge Number 460-2009-00311, entitling Briones to file an action in this

Court.

10. The filing of this lawsuit has been accomplished within ninety (90) days of Briones's receipt of the Notice of Right to Sue letters.

11. All conditions precedent to filing this cause of action have been met.

## V.     FACTS

12. Briones, a Hispanic female, began working for Defendant in 2007 and was employed in the Emergency Center Business Office until her termination on or about July 9, 2010.

13. On or about June 20, 2010, Briones was working in the emergency room with fellow employee Clifford Moore ("Moore"). Moore is African American with a documented history of performance issues such as playing on the internet at work, sleeping on the job, and texting on his phone during working hours. Moore asked Briones to remove patient names from hospital documents, which is a policy violation. Briones refused.

14. Moore then complained to Manager Eric Toliver, who is also African American. Toliver provided Moore with his sign-on and password, which is also a policy violation. Moore should have been subjected to discipline but was instead shown favoritism by Toliver. Furthermore, Toliver complained about Briones to her Coordinator, Crystal Nelson ("Nelson").

15. One week later, on or about June 27, 2010, Briones was again working alongside Moore. Instead of assisting Briones, Moore engaged in his usual habits of playing on the internet and texting on his phone while Briones did the majority of the work. Briones told Moore that she was going to call Nelson and report his behavior. In response, Moore stated that he followed "his own chain of command" and called Toliver directly. He spoke to Toliver, laughing and exclaiming "yeah, I know, I can't stand her," and then told Briones that Toliver wanted to speak to her. Toliver told her not to worry about Moore and hung up. Moore then threateningly stated, "watch it, you're barking up the wrong tree, and you're going to get what's coming to you."

Briones began to cry.

16. The following day, on or about June 28, 2010, Briones went to Human Resources ("HR") and complained to Cathy Morin ("Morin") and Director Jeffrey Vaughn ("Vaughn") about the racial and national origin discrimination and disparate treatment she faced at the hands of Moore and Toliver. She also filed a complained with Cindy Richards ("Richards") in Corporate Compliance. Finally, she also filed a police report against Moore as she was in fear of her physical safety.

17. Shortly thereafter, on or about July 9, 2010, Defendant terminated Briones' employment for allegedly making a racial slur towards Moore. Defendant's proffered rationale for the termination is without basis and was pretext for retaliation.

18. On or about November 4, 2010, Briones filed a Charge with the EEOC, alleging national origin discrimination and retaliation for filing complaints about discrimination and unequal treatment. After extensive investigation, the EEOC issued a Letter of Determination ("LOD") finding that Briones was subject to discrimination on the basis of her national origin and was retaliated against for engaging in protected activity.

19. The EEOC found evidence suggesting that Briones was subject to more severe discipline as compared to African American employees, that Toliver treated African American individuals within the same department more favorable as compared to non- African American employees, and that Toliver favored Moore and was a decision maker in Briones' discharge. Moore, despite multiple infractions and threats of violence, was not discharged. Yet, one alleged infraction on the part of Briones was sufficient to cause her immediate termination.

20. The EEOC also found evidence suggesting that Briones advised Defendant of multiple examples of discriminatory and retaliatory conduct by members of management, and that relevant statements were not released to the EEOC despite Defendant's assertion that a thorough investigation was conducted.

21. Briones participated in Defendant's internal grievance process and was informed the grievance panel agreed that Briones should receive her earn PTO time, yet it was not provided to her. Defendant was unwilling to release the PTO payment unless Briones was willing to resolve her claims through the EEOC's mediation program. Defendant was advised by the EEOC that the mediation was "voluntary" and their withholding of PTO time and requirement for Briones to participate in mediation appeared retaliatory.

22. The EEOC also advised Defendant of concerns that the confidentiality language in their grievance forms could potentially discourage individuals from filing a charge or participating with the EEOC.

## VI.   RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991

23. Each and every allegation contained in the foregoing paragraphs is realleged as if fully set forth herein.

24. Briones is within Title VII's protected class, *i.e.*, she is Hispanic.

25. Defendant discriminated against Briones because of her race and national origin when it subjected her to disparate treatment.

26. Other direct and/or circumstantial evidence exists showing that Defendant intended to discriminate on the basis of race and national origin in subjecting her to more severe disciple, treating African American employees more favorably, and terminating her employment. Briones' Hispanic origin was a motivating factor in Defendant's decisions/

27. Therefore, Defendant violated Title VII, which provides that an employer commits an unlawful employment practice if because of race or national origin the employer discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.

28. As a result of Defendant's actions, Briones has suffered lost wages, both in the

past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

29. Additionally, the aforementioned action was done willfully or with reckless disregard for the protected rights of Briones.

### VII. RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991

30. Each and every allegation contained in the foregoing paragraphs is realleged as if fully set forth herein.

31. Briones engaged in protected activity when she complained about discrimination on the basis of her race and national origin. Defendant retaliated against Briones because she opposed a practice made an unlawful employment practice by 42 U.S.C. Chapter 21, Subchapter VI, and/or because she made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under 42 U.S.C. Chapter 21, Subchapter VI, 42 U.S.C. § 2000e-3(a). Defendant would not have terminated Briones but for her engagement in protected activity.

### VIII. DAMAGES

32. As a result of Defendant's conduct, Briones seeks the following relief: (1) back pay; (2) loss of wages and benefits in the past and the future; (3) costs of court and attorneys' fees; (4) mental anguish and emotional distress in the past and future; (5) liquidated damages; and (6) compensatory damages.

33. Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Briones's federally protected rights, she is entitled to recover punitive, damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## IX.     JURY DEMAND

34.     Briones requests a trial by jury on issues triable by a jury in this case.

WHEREFORE, Plaintiff respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay; mental anguish and emotional distress in the past and the future; liquidated damages; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Sidd Rao*
MARK G. LAZARZ
FID: 12105
State Bar No. 12069100
mlazarz@eeoc.net
DARYL J. SINKULE
FID: 34842
State Bar No. 24037502
dsinkule@eeoc.net
SIDD RAO
FID: 1095562
State Bar No. 24065947
srao@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF
ELIDA BRIONES**